IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| SAMUEL CHRISTOPHER RIVERS | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 12-3265 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING PLAINTIFF'S ALTERNATIVE
MOTION FOR REMAND

Samuel Christopher Rivers ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ .§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No12) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 13). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Plaintiff's Alternative Motion for Remand is GRANTED.

I. Procedural History

Plaintiff applied for DIB and SSI on August 6, 2009 alleging disability since January 1, 1999 (subsequently amended to November 25, 2008, the day after he last worked) on the basis of diabetes, testicular pain, eye problems, headaches, lost teeth and aches and pains. R. at 98-108,

155, 222. His claims were denied initially and on reconsideration. R. at 40, 44-46, 56-59. On September 13, 2011, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 20-39. Claimant was represented by counsel. In a decision dated September 23, 2011, the ALJ denied Plaintiff's request for benefits. R. at 12-19. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-4.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R§§ 404.1520, 416.920. At the first step, the ALJ determined that Claimant had engaged in substantial gainful activity from January 1, 1999 through November 24, 2008 and that implicitly, he had not engaged in substantial gainful activity since November 25, 2008, his amended alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: diabetes mellitus, low vision and headache. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff was unable to perform his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 12-19.

## III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards.

2

42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred in finding him not disabled between his amended alleged onset date of November 25, 2008 and September 23, 2011, the date of the ALJ's decision. In support of his argument, he alleges that the ALJ erred: (1) in his treatment of the opinions of his treating physicians; (2) in his residual functional capacity ("RFC") determination; and (2) in his reliance on the testimony of the VE.

### A. Treating Physician Rule

Under the "treating physician rule"," the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), but where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other

substantial evidence, it should be afforded significantly less weight. *Craig,* 76 F.3d at 585, 590 (4th Cir. 1996). While the ALJ is never required to give controlling weight to a treating physician's opinion on the ultimate issue of disability, 20 C.F.R. § 404.1527(e), he must consider various "factors" to determine how much weight to give the findings of the treating physician. These factors include: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. *Id.* § 416.927(d)(2)-(6). Here, Plaintiff argues that the ALJ erred in his treatment of the opinions of his treating physicians, Drs. Obamogie as well as Dr. Shesadri and Dr. Abbott.

Dr. Obamogie first saw Claimant in December, 2008 and saw him periodically through June 16, 2010. R. at 276-86, 293, 335-37. Accordingly, the treatment relationship lasted approximately a year and a half and based on a review of the record, resulting in approximately a dozen evaluations with corresponding treatment notes. *Id.* On May 17, 2010, Dr. Obamogie completed a Physical Residual Functional Capacity Questionnaire. R. at 293-96. That assessment was summarized by the ALJ who stated:

> The claimant was treated for uncontrolled diabetes mellitus and diabetic polyneuropathy. Symptoms included fatigue, pain and numbness in hands and feet, dizziness, headaches, pain in testicles, and right chest wall pain. Dr. Omabogie further noted that stress aggravates the claimant's condition. The claimant was incapable of even 'low stress jobs'. He further opined the claimant would need 3 to 4 rest periods lasting in duration from 20 to 30 minutes each. He also noted the claimant could walk one block without rest or severe pain. The claimant could sit for 30 minutes and stand for 20 minutes at one time and

4

> less than 2 hours each in an 8-hour workday. The claimant could carry less than 10 pounds occasionally. He found the claimant could not use his feet (bilaterally) for pushing or pulling of leg controls.

R. at 15 *citing* R. at 293-96, 337. Dr. Omabogie also expressed his opinion that Claimant could not work in correspondence dated October 8, 2009 and June 16, 2010 indicating again that Claimant suffered from severe diabetic polyneuropathy, uncontrolled diabetes mellitus and hyperlipidemia . R. at 297-98.

While the ALJ summarized Dr. Obamogie's findings, he did not specify what weight he assigned to his opinion. The only "analysis" he provided was that he found that Dr. Obamogie's opinion to be in "sharp contrast" with other evidence in the record and therefore found his opinion "less persuasive." R. at 18. While the comparison the ALJ was attempting to make is unclear to the Court, what is clear to the Court is that the ALJ afforded little or possibly no weight to Dr. Obamogie's opinions. Moreover, because the ALJ did not specifically cite to this other evidence which was purportedly in "sharp contrast", the Court has reviewed the ALJ's entire opinion to determine if such support exists elsewhere in the opinion. The Court cannot say that it does.

The only evidence cited by the ALJ which arguably supports his rejection of Dr. Omabogie's opinion is Claimant's treatment at Unity Healthcare on October 22, 2010 at which time a physical examination revealed him as well hydrated, in no acute distress and having an overall unremarkable examination. At that time, he was noted to have a full range of motion in all extremities. R. at 16, 385-99. However, the Court cannot find that an isolated visit to a treatment center amounts to substantial evidence to

5

support the ALJ's finding. While the ALJ also mentioned arguably "favorable" (in the sense of favoring a finding of non-disability) evidence relating to a consultative eye examination and a hospital visit for pain in his scrotum, findings from those examinations really do not "contrast" with the specific findings Dr. Omabogie made relating to Claimant's physical limitations. See R. at 16, 287-92 (eye examination revealing mild nonproliferative diabetic retinopathy in both eyes that was not affecting his vision); R. at 16, 338-39 (June 20, 2011 hospital visit at which time Doppler sonography showed no evidence of intratesticular mass, epididymal cysts, versus spermatocels, small left hydrocele, and small left varicocela). "The record may well contradict [Dr. Obamogie's] opinion, but I am unable to ascertain the ALJ's specific reasons for discounting the opinion in the absence of any elaboration or factual support for his opinion." *George-Douglas v. Commissioner, Soc. Sec. Admin.*, Civ. No. 12-2729-SAG, 2013 WL 4242372 at *2 (D. Md. Aug. 13, 2013). Accordingly, a remand is appropriate.

Moreover, while the ALJ generally indicates that the description of Claimant's symptoms have been inconsistent and unpersuasive and cites to some of his activities of daily living as purportedly inconsistent with a disabling impairment, the Court also does not find that this constitutes substantial evidence to support the ALJ's rejection of Dr. Obamogie's findings. On examination by consultative examiner, Dr. Anuja Kuricam, Claimant's gait was noted as limping, there was tenderness in the testicular area and a small painful lump, his joints revealed tenderness of the paraspinal muscle, shoulder,

6

knee, and multiple trigger point tenderness. Dr. Kurican ultimately opined that Claimant's ability to sit, walk and stand is limited due to body ache and joint pain and that he could not lift more than one gallon. He also indicated an impression of diabetes mellitus, body ache, joint pain, headache, history of gunshot wound, plantar ulcer, folliculitis, testicular pain, numbness., abdominal pain and lump near scrotal area. R. at 15, 257-62. [1]

With remand already ordered on the treating physician rule with respect to Dr. Obamagie, the ALJ is further ordered to assess all medical opinions in the record in accordance with the relevant regulations and caselaw. This includes the opinion of Dr. Stephen Abbott which was submitted to the Appeals Council on May 21, 2012. R. at 224-27, 400-02; *see* also R. at 385-402. Because findings regarding the opinions of the treating physicians may necessarily implicate the RFC[2] and the relevant hypothetical for the VE , those findings should also be reconsidered along with the findings regarding Claimant's credibility.

---

[1] The ALJ also indicated that he gave little weight to Dr. Kurican's opinion because it seemed to be almost exclusively based on subjective complaints. A review of Dr. Kurican's report reveals that he performed a full physical examination. A recitation of Claimant's complaints regarding his symptoms also accompanies the report and is not unexpected.

[2] Because the ALJ rejected virtually all of the opinions of Claimant's treating physicians and the ALJ has provided no objective medical basis for his RFC determination, the Court also cannot find that the RFC determination is supported by substantial evidence. At a minimum, the record evidences poorly controlled diabetes, decreased ability to use his hands and feet and polyneuropathy.

## V. Conclusion

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED.  A separate order shall issue.


Date: October 25, 2013                     _____/s/_____
                                           THOMAS M. DIGIROLAMO
                                           United States Magistrate Judge